**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| **Plaintiff,** | **:** | **CASE NO.** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **$18,852.00 IN UNITED STATES FUNDS,** | **:** | |
| | **:** | |
| **Defendant Property.** | **:** | |
| | **:** | |

**VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### *Nature of the Action*

1.     This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: $18,852.00 in United States funds (hereinafter referred to as the "Defendant Property").

### *The Defendant in Rem*

2.     The Defendant Property consists of $18,852.00 in United States funds, and was seized from Fred Frito Joseph, a/k/a Israel Tassy, on August 24, 2014, at the Cook County Sheriff's Office, located at 1000 Country Farm Road, in Adel, Cook

County, Georgia, and is presently in the custody of the United States Marshals Service, having been deposited into the Seized Asset Deposit Fund Account.

### *Jurisdiction and Venue*

3.      Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4.      This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1395, because the Defendant Property was seized in Cook County, Georgia, which is a place within the Middle District of Georgia.

6.      The seizure of the Defendant Property was adopted by the United States Department of Justice, Drug Enforcement Administration ("DEA"), which began administrative forfeiture proceedings.  On or about October 20, 2014, Joseph Fred Frido, a/k/a Israel Tassy, through his attorney, Robert Leanza Williams, Jr., Esquire, 165 Dekalb Industrial Way, Suite A, Decatur, Georgia 30030, filed a claim with the DEA, after which the DEA referred the matter to the United States Attorney for the Middle District of Georgia.

### *Basis For Forfeiture*

7.      The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

8.      On August 24, 2014, at approximately 11:34 a.m., Major Brad Walls of the Lenox Police Department observed a silver Chevrolet Tahoe traveling at a high rate of speed.  Using a Lidar, Major Walls clocked the speed of the vehicle at 94 miles per hour in a 70 mile per hour zone.

9.      Major Walls initiated a traffic stop of the vehicle on Interstate 75 South near mile marker 49, and made contact with the driver of the vehicle, later identified as Fred Frito Joseph, a/k/a Israel Tassy ("Tassy"), and passengers of the vehicle, later identified as Herman Junior Paul ("Paul") and Jean Leroy Destine ("Destine").

10.     The vehicle had been rented from Alamo Financing LP by Tassy, and no information was obtained as to any additional drivers listed on the rental agreement.

11.     Major Walls explained the nature of the stop to Tassy, and asked for his driver's license.  Tassy provided his driver's license to Major Walls, and Major Walls then returned back to his patrol vehicle to issue Tassy a citation for speeding and for improper stopping/parking on the roadway when Tassy pulled to the left hand side of the interstate to stop.

12.     While issuing the citations, Major Walls requested dispatch to run Tassy's license information which returned not valid as of August 1, 2014, for a non-judgmental suspension.

13.     Major Walls returned to the driver-side of the vehicle and informed Tassy that his driver's license was suspended, and asked him to step out of the vehicle. Tassy stepped out of the vehicle, and Major Walls patted him down for weapons and arrested him for the suspended license.

14.      Major Walls returned to the vehicle and asked Paul for his driver's license.  After verifying through dispatch that Paul's driver's license was valid, Major Walls released the vehicle to him, and then transported Tassy to the Cook County Jail. Paul followed Major Walls to the Cook County Jail where Tassy was being transported.

15.     At the Cook County Jail, a large amount of currency ($18,852.00) was found inside Tassy's pocket while being booked for the suspended license.

16.     After completing a criminal history records check, Major Walls advised Tassy that the currency would be seized until further investigation could be conducted. Tassy informed Major Walls that he was a car dealer, and he needed the money to pay for a car he had bought at an auction in Atlanta.  Tassy further stated that he had all the paperwork for the money, but couldn't produce it at that time.

17.     Due to the large amount of currency, Major Walls requested assistance from K-9 Deputy James Finney with the Cook County Sheriff's Office to utilize his dog, trained to detect the odor of certain controlled substances, to conduct a free air sweep

of the vehicle, which had been parked outside the Cook County Jail by Paul.  The K-9 alerted to the odor of narcotics on the driver's side door of the vehicle.

18.    Paul was informed that a free air sweep of the vehicle had been conducted, and that due to a positive alert by the K-9, a search of the vehicle would be completed.  Paul provided the keys to Major Walls.

19.    During the search of the vehicle, a MCM leather type bag was found which contained two (2) lap top computers, two (2) T-Mobile hot spot devices, a T-Mobile phone, miscellaneous jewelry, and a bundle of currency ($1,500.00).  Deputy Finney also observed marijuana residue on the driver-side floor board.

20.    When asked about the owner of the MCM bag and its contents, both Paul and Destine indicated that it did not belong to them and they didn't know who it belonged to.  Tassy informed Major Walls that he thought the bag belonged to Jimmy Jones, and that he had taken an airplane to Atlanta, and wanted them to transport the bag for him.

21.    Major Walls transported the currency found on Tassy's person and inside the MCM bag to the Lenox Police Department, and requested assistance from Deputy Finney to conduct a controlled sweep of the seized currency.  The K-9 gave a positive alert for the odor of narcotics on the currency.

22.    On August 25, 2014, Jimmy Louis ("Louis"), previously identified by Tassy as Jimmy Jones, called the Lenox Police Department inquiring about the currency seized during the traffic stop.

5

23.     A criminal history records check revealed that both Tassy and Jones have had prior arrests for narcotics violations.

24.     The Defendant Property found on Tassy's person was seized for a total amount of $18,852.00 in United States funds.  The currency found inside the MCM bag was seized for a total amount of $1,500.00, and is pending administrative forfeiture.

### *Conclusion*

25.     Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such an exchange, and/or constitutes money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, January 15, 2015.


                          MICHAEL J. MOORE
                          UNITED STATES ATTORNEY


             By:     s/ DANIAL E. BENNETT
                     ASSISTANT UNITED STATES ATTORNEY
                     GEORGIA STATE BAR NO.  052683
                     UNITED STATES ATTORNEY'S OFFICE
                     Post Office Box 1702
                     Macon, Georgia 31202-1702
                     Telephone: (478) 752-3511
                     Facsimile: (478) 621-2712

             By:     s/BRITTANY F. REESE
                     ASSISTANT UNITED STATES ATTORNEY
                     GEORGIA STATE BAR NO. 147337
                     UNITED STATES ATTORNEY'S OFFICE
                     Post Office Box 1702
                     Macon, Georgia 31202-1702
                     Telephone: (478) 752-3511
                     Facsimile: (478) 621-2712